## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DONALD SIAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **A-18-CV-306-RP** |
| | § | |
| **GENNY DAVIS, Investigator,** | § | |
| **Texas Board of Nursing, and** | § | |
| **KATHERINE A. THOMAS,** | § | |
| **Executive Director, Texas Board of Nursing,** | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Plaintiff's Second Amended Complaint (ECF No. 87), brought pursuant to 42 U.S.C. § 1983, Defendant Thomas's Motion to Dismiss (ECF No. 111), Defendant Davis's Motion to Dismiss (ECF No. 116), and Plaintiff's Responses to the Defendants' Motions to Dismiss (ECF Nos. 118 & 121). Also pending is Defendants' Motion to Stay (ECF No. 117), and Plaintiff's Response and Objection to Defendants' Motion to Stay. (ECF Nos. 118 & 120). Plaintiff, proceeding pro se, was granted leave to proceed *in forma pauperis* in this matter. (ECF No. 4).

## I. BACKGROUND

At the time he filed his initial complaint, naming additional defendants and filed in the United States District Court for the Eastern District of Texas, Plaintiff was incarcerated at the Texas Department of Criminal Justice Billy Moore Unit.[1] The complaint alleged Defendant Georgette Jacobs, a licensed vocational nurse, and Defendant Ryan White, a registered nurse and "nurse manager," denied Plaintiff adequate medical care when he was confined at the Bradshaw State Jail in Henderson, Texas. (ECF No. 1 at 4). Plaintiff further alleged that, after an unsuccessful grievance

---

[1] Plaintiff is currently confined at the Terrell Unit in Rosharon, Texas.

of this issue, he filed a complaint against Ms. Jacobs and Mr. White with the Texas Board of Nursing. Plaintiff asserted Defendant Genny Davis, an employee of the Texas Board of Nursing, inadequately investigated his complaints; concluded the investigation without allowing Plaintiff to present witnesses; and destroyed the record of the investigation, all in violation of his right to due process of law. (ECF No. 1 at 3).[2] The complaint also named the Texas Board of Nursing, Defendant Davis's employer, as a Defendant. (ECF No. 1 at 1).

On July 25, 2017, the original complaint was stricken from the record and Plaintiff was ordered to file an amended complaint. (ECF No. 11). Plaintiff filed an Amended Complaint, (ECF No. 14), again naming as defendants Ms. Jacobs, Mr. White, Ms. Davis, and the University of Texas Medical Branch, but substituting Katherine Thomas, the Executive Director of the Texas Board of Nursing, as a defendant in place of the Board itself. (ECF No. 14 at 1).[3] Plaintiff filed a Second Amended Complaint in this matter, naming only Defendant Davis and Defendant Thomas as defendants. (ECF No. 87). Plaintiff sues both of these Defendants in their individual and official

---

[2] Defendant Thomas alleges: "Investigators for the Texas Board of Nursing determined that [Ms. Jacobs and Mr. White] had not committed a violation of the Nursing Practice Act and/or Board Rules and the case was administratively closed." (ECF No. 111 at 2).

[3] The case was bifurcated by the United States District Court for the Eastern District of Texas on March 12, 2018; that court ordered Plaintiff's claims against Defendants Davis and Thomas be severed into a separate action and that action transferred the Western District of Texas. In an order docketed March 14, 2018, the Eastern District of Texas dismissed Plaintiff's claims against the University of Texas Medical Board, dismissed Plaintiff's claims for monetary relief against Defendants Jacobs and White in their official capacities, dismissed Plaintiff's claim of deliberate indifference against Defendant White, and dismissed the retaliation claims against Defendants Jacobs and White. Accordingly, the only claim remaining in the Eastern District of Texas is Plaintiff's claim against Defendant Jacobs in her individual capacity for violation of Plaintiff's Eighth Amendment rights by not providing him with medication at the "pill window" in February of 2016. Plaintiff's and Defendant Jacobs' cross-motions for summary judgment in that matter are pending. *See Sias v. Jacobs, et al.*, No. 6:17-CV-413 RWS JDL (E.D. Tex.).

capacities, seeking declaratory relief and unspecified compensatory, punitive, and nominal damages. (ECF No. 87 at 13-14).

Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing his claims against them in their official capacities for monetary damages are barred by the Eleventh Amendment. Defendants also assert Plaintiff's claims against them in their individual capacities must be dismissed for failure to state a claim on which relief may be granted.

## II. LEGAL STANDARDS

A.   Standard Under Rule 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1). The Federal Rules of Civil Procedure require this court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Because a claim for monetary damages against a state official in her official capacity is a suit against the official's office, it is no different than a claim against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Because neither a state nor a state official acting in their official capacity is a "person" who may be sued pursuant to section 1983, *Will*, 491 U.S. at 71, a claim for monetary damages against a state official acting in their personal capacity may be dismissed pursuant to Rule 12(b)(1) for want of jurisdiction. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014); *Stotter v. University of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007).

B.    Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

C.    42 U.S.C. § 1983

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citing *Baker*, 443 U.S. at 140, 144

n.3). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. *Id.* at 817.

## III. ANALYSIS

A.    <u>Liability Under 42 U.S.C. § 1983</u>

Plaintiff alleges Defendant Davis, assigned to investigate his complaints regarding his medical care, "covered up" Ms. Jacobs and Mr. White's violations of state regulations promulgated by the Texas Board of Nursing. (ECF No. 87 at 4). Plaintiff alleges that the improper investigation of his claims, the denial of a hearing on his claims, and the denial of his "right" to present witness testimony in support of his claims, deprived him of a liberty interest and his rights to equal protection and due process. (ECF No. 87 at 5-7, 9). He asserts he was "entitled to review the investigation report before [Defendant Davis] destroyed the file" in violation of Texas Penal Code § 38.15, and that the purported destruction of the investigation file also violated Texas Penal Code § 37.09, prohibiting the tampering with or fabricating physical evidence. (ECF No. 87 at 6, 8). Plaintiff also asserts Defendant Thomas violated "several" state and federal laws and his civil rights because she failed to respond when informed of Defendant Davis's actions. (ECF No. 87 at 10-11). Plaintiff argues Defendant Thomas was personally involved in the violation of his rights because she failed to supervise or train "her employees." (ECF No. 87 at 12).

The first inquiry in any § 1983 suit is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" *Baker*, 443 U.S. at 140; *Green*, 27 F.3d at 1087. The Supreme Court has held that a prisoner "has a liberty interest only in freedom from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Fifth Circuit, relying on *Sandin*, has

held a prisoner has no federally protected liberty interest in having grievances investigated or favorably resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006). *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."). Because Plaintiff lacked a protected liberty interest in having the Texas Board of Nursing complaint resolved to his satisfaction, due process protections were not triggered, and his claims that Defendants violated his constitutionally-protected rights fail as a matter of law. *Beall v. Johnson*, 54 F. App'x 796, 2002 WL 31845615 at *1 (5th Cir. 2002) (citing *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)).

B.     Eleventh Amendment

Plaintiff's claims against Defendants acting in their official capacities are claims against the Texas Board of Nursing, a state entity. The Fifth Circuit has held that official-capacity suits seeking monetary damages are in reality suits against the governmental entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009). Because such suits are barred by the doctrine of sovereign immunity, Plaintiff's claim for monetary damages against Defendants acting in their official capacities are barred by the Eleventh Amendment and must be dismissed pursuant to Rule 12(b)(1). *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 2002). Because Plaintiff does not have a constitutionally-protected right to any particular procedure as the complainant in an investigation into his claims of improper nursing care, he is unable to establish

at least one of the three requirements for asserting a claim for declaratory or injunctive relief against Defendants acting in their official capacities, and these claims must be dismissed.

C.    Qualified immunity

Section 1983 claims against public officials in their individual capacities are subject to the defense of qualified immunity. *Foley v. University of Houston Sys.*, 355 F.3d 333, 338 (5th Cir. 2003). The doctrine of qualified immunity protects government officials from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 220 (5th Cir. 2018). In order to overcome the qualified immunity defense, a plaintiff must allege a violation of a constitutional right and show that the right was clearly established in the specific context of the case. *Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). When a state actor claims qualified immunity, a court must make two separate inquiries: "(1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation." *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

Plaintiff claims Defendant Davis failed to adequately investigate and satisfactorily resolve his complaints against the nurses who allegedly denied him medical care, in violation of his right to due process of law. However, Plaintiff fails to appreciate that the due process protections afforded in an investigative process that may result in punitive measures are directed toward the individual who is being investigated, not the individual bringing the complaint. Furthermore, the narrowing of prisoner due process protection announced in *Sandin* leaves Plaintiff without a federally-protected

right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate the Constitution's due process doctrine. *See, e.g., Baker v. McCollan*, 433 U.S. 137, 146-47 (1979); *Murray v. Mississippi Dep't of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir. 1989). A prisoner has no constitutionally protected right to have his grievances investigated or resolved because resolution of the grievance does not involve a "significant hardship . . . in relation to the ordinary incidents of prison life." *Beall*, 54 F. App'x 796, 2002 WL 31845615, at *1. *See also Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (same).

## IV. CONCLUSION

Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the doctrine of sovereign immunity and must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, taking all of the allegations alleged in the Second Amended Complaint as true, Plaintiff fails to assert the violation of a federal constitutional right and, accordingly, his claims against Defendants must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted. Because it appears Plaintiff has been able to present his "best case" in his Second Amended Complaint, the claims against Defendants are dismissed with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Defendants' Motion to Stay (ECF No. 117) asks the Court to stay further proceedings in this matter until the Court decides the Motions to Dismiss. Because those motions have now been decided, the Motion to Stay will be dismissed as moot.

Accordingly,

It is **ORDERED** that Defendant Thomas's Motion to Dismiss (ECF No. 111) and Defendant Davis's Motion to Dismiss (ECF No. 116) are both **GRANTED**.

It is further **ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure**.**

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's Order and Judgment to the keeper of the three-strikes list.

It is finally **ORDERED** that Defendants' Motion to Stay (ECF No. 117) is **DISMISSED** as moot.

**SIGNED** on December 14, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE